# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 31, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

135781

RACHEL SHAFFER,
            Plaintiff-Appellee,

v

ST. JOSEPH'S MERCY HOSPITALS OF
MACOMB and ST. JOSEPH'S MERCY OF
MACOMB, a/k/a MERCY MOUNT CLEMENS
CORPORATION,
            Defendant-Appellant,

and

ST. JOSEPH MERCY HEALTH SYSTEM,
a/k/a TRINITY HEALTH-MICHIGAN, PAUL
MOCZARSKI, D.O., and MACOMB
EMERGENCY CARE PHYSICIANS, P.C.,
            Defendants.
_____/

SC: 135781
COA: 275299
Macomb CC: 04-002993-NH

By order of April 28, 2008, the application for leave to appeal the December 27, 2007 judgment of the Court of Appeals was held in abeyance pending the decision in *Stone v Williamson* (Docket No. 133986). On order of the Court, the case having been decided on July 24, 2008, 482 Mich 144 (2008), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court.

MARKMAN, J. (*concurring*).

The trial court denied defendant's motion for summary disposition, and the Court of Appeals affirmed. MCL 600.2912a(2) provides, in pertinent part, "In an action alleging medical malpractice, the plaintiff cannot recover for loss of an opportunity to survive or an opportunity to achieve a better result unless the opportunity was greater than 50%." We recently addressed this provision with some considerable lack of consensus in *Stone v Williamson,* 482 Mich 144 (2008). Given their decisions in *Stone,* I believe it is clear that my six colleagues would either conclude that this is not a lost

opportunity cause of action, or, if it is, that plaintiff has satisfied the § 2912a(2) requirement. For that reason, I concur in the denial order, even though I would reverse had my position in *Stone* prevailed.

Plaintiff's expert testified that the decedent's premalpractice chance of a better result was "greater than 50%." However, there is no testimony regarding the decedent's postmalpractice chance of a better result. I believe that this is a lost opportunity cause of action because "it is possible that the bad outcome would have occurred even if the patient had received proper treatment." *Stone, supra* at 218 (Markman, J., concurring in the result only). Further, because plaintiff has presented no testimony regarding her postmalpractice chance of a better result, it is impossible to determine whether plaintiff satisfies the § 2912a requirement. Because plaintiff has the burden of demonstrating that the § 2912a requirement is satisfied, and she has not done so here, I would reverse. However, because my interpretation of § 2912a did not carry the day in *Stone,* I accede to the denial order.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 31, 2008

d1028

_____
Clerk